It pleases the Court, Don Lanson of Greenberg & Bass, on behalf of Appellant Patricia Dwyer. This case involves, as you've just indicated, the great issue of whether the day after Thanksgiving should be deemed a legal holiday, at least as two purposes for computation of the time to file an adversary proceeding in bankruptcy court. A legal holiday within the meaning of the federal rules. Correct. And whether that creates a conflict with regard to what it means in the state rules. In preparing for my argument here today, I was at my daughter's soccer game, and a quick event happened that actually had something to do with this case. A girl fell as part of the game, and instantaneously all the other girls in the field dropped to one knee. It's kind of this unison, choreographed act. And I'd seen this a hundred times before, but never thought to ask, but be that I was going to be here today, I asked the coach, why do the girls do that? Sportsmanship, professionalism, the treat to the girl, status quo, all the usual explanations you'd expect. Then I asked the coach the follow-up, where's the rule that says they're supposed to do that? And he kind of looked at me and says, there's no rule, we've just always done it that way. And that's the same thing that kind of applies here. We always redeem Thanksgiving, the day after Thanksgiving, to be a holiday just because we've always done it that way. But the fact is, there's really no statutory basis to find it a legal holiday. And where's the sportsmanship if we've always done it that way for you to say, I'm not going to do it that way? The fact is that we go by rules, regulations, and laws. And again, there's lots of consequences. You know, let me focus on the rule itself. The rule itself is interesting because I'm now just reading Rule 9006, Parent A, unless it is a Saturday, a Sunday, or a legal holiday. And then it gets down to describing what are legal holidays within the meaning of the federal rule. Legal holiday includes New Year's Day, or any other day appointed as a holiday by President, Congress, or the state. It doesn't say designated by the state as a legal holiday. It only says designated by the state as a holiday. So if the state designates it as a holiday, that is a legal holiday within the meaning of the federal rule. But I see nothing in the text of this rule that requires that the state designated within the state terminology as a legal holiday to qualify as a legal holiday within the meaning of the federal rule. True. The problem, obviously, you know, again, from an initial standpoint, presumably, 9006 would look to what is considered a legal holiday in California. That's easy. 6700 of the government code provides specific days. Day of Thanksgiving is not included. But if you go farther than that and you say, okay, well, how about any holiday, any day designated as a special holiday, a judicial holiday, whatever designation you want to give it, then basically you're looking to a bunch of different code sections, which necessarily may end up conflicting. Because if by 9006 you're going to deem a legal holiday for purposes of that code section to be... It's a judicial holiday, though. Correct. In California. So that if a person in California was trying to decide whether they had to go knock on the door to file something the day after Thanksgiving in a California court under section, I think it's 135, they would say, nope, it's closed. It's a holiday. It's a judicial holiday in California. Right. And isn't the purpose of the federal rule to enable practitioners in the various states to have consistent practice between what they do in state and federal court? In other words, that they're either home that day or they're not home that day. And that relates to his comment and Your Honor's comment in that there would be no consistency if every single state had a varied degree of holidays that would be applicable to this code section. Because you'd be looking at... I think that's exactly what the federal rule says, isn't it? That it depends on the state. Any state where it's a holiday, it's a federal holiday for the bankruptcy code. To that extent, if a labor code section provides that an employee is given time off to go vote, is that all of a sudden deemed a holiday for purposes of that? Why not just let... No. If we limited ourselves to judicial holidays, when are the state courts closed so that practitioners would know? State courts in California, as I understand it, are closed on the day after Thanksgiving. I would disagree with that. And in fact, if you look at the way that this is applied, this 135, along with lots of other government code sections, are really administrative in nature in that they apply specifically to certain types of employers, groups, and organizations. This civil code section really applies to the administrative ability to allow discretion to each individual court to be dark or to actually conduct business that day. I've been in actual trial that day. Well, in an emergency, probably there could be a trial on New Year's Day or anything, July 4th or anything. So the fact that it's possible doesn't mean that it isn't a judicial holiday under the statutory code. But, I mean, the actual court is open for filing. Let me ask you this, and this is not a trick question to which I know the answer, and I'm going to lie. Is Thanksgiving, is the day after Thanksgiving counted or not counted for purposes of time and filing in the state court system? In terms of a statute of limitation or in terms of when you have to file opposition? In terms of various dates. You know, you've got to file within 30 days of X, and it falls on the Friday after Thanksgiving. By virtue of 135, I would assume it would be deemed not to be included. They changed from court days to calendar days primarily to address these types of situations. If the idea is to have federal state consistency within each state, and California doesn't count the day after Thanksgiving for purposes of computing deadlines and so forth, and that's exactly what this case is about, computing a deadline, why doesn't that control? Well, I understand your point that 135 is more about labor relations than it is about days of celebration. But if the state code of civil procedure says it doesn't count when you're computing when the last day for something is, as a matter of California law, and the purpose of the federal rule is to create consistency, why doesn't that lead to the conclusion that the 60-day bar in this case shouldn't apply? Or the counting of that bar would go to the next Monday. Well, I would say the federal concept of consistency actually would be supported by finding that it would be on the day after Thanksgiving because, in fact, the courts are open for filings that day in state court. It's not closed. Banks are open. Trash is collected. Businesses conduct as usual without people getting paid time and a half, by the way. It doesn't count. Again, I think it's one of the reasons they went from a business day to a calendar day. You know, maybe a misunderstanding. Let me ask the question as clearly as I can, and if you misunderstand me, I'm asking you the question. You have to file within 30 days. The 30th day in California state court, you're supposed to file within 30 days and you're in California state court. The 30th day falls on the day after Thanksgiving. Are you required to file on that day, on that Friday after Thanksgiving in California state court, or do you get to move over to Monday? Are you saying a statute of limitation to file something or an opposition to a motion? If the answer is different between those two things, tell me. I don't know. No. That's the problem. Do you know the answer for either? I would assume 135 would kick in with regard to opposition deadlines. I assume from an administrative standpoint, if an opposition to a motion is due that day, I'm assuming it would be the previous or the next business day, so to speak. And I heard you say assuming, so you're not quite sure even as to that? Not quite sure, no. But again, and again, the other problem we have in this situation is that the bankruptcy process isn't directly aligned with the way that state court operating proceeds. And even to this extent, the bankruptcy court in this case was open for business. In California, even on the notice said courts will be conducting business. Only for emergency filings. And then we get into the semantics of what's an emergency motion in matter and open. The reality is it was open. And again, we never got to the accessibility argument in the BAP. You know, a lot of administrative offices have these darn signs that say lack of planning on your part. It's not an emergency on our part. On our part, they have one of those. Like, is it an emergency if you're trying to file? It's true. The problem is there is to the extent this is going to be deemed a holiday for purposes of 9006. It does create a conflict as to exactly what code sections then can form the basis of finding a holiday within the computation of time. The bankruptcy court found a very strict interpretation relying upon, unfortunately, an unpublished decision from this court. But basically saying that, look, it's not to be considered a holiday for purposes of computation. The BAP disagreed. And, in fact, issued a published decision saying basically it should be deemed a holiday for all purposes, which I don't think was appropriate considering the fact the legislature is the only one that can make that decision. So with that, I'll reserve the rest of my time for remaining. Thank you, counsel. Good morning, Your Honors. Bruce Adelstein for the appellee, Vincent Duffy. There's an overarching principle in guiding the interpretation of this rule and the similar rules in the Federal rules, and that is in the Lamb case, the Supreme Court has held that considerations of leniency and liberality should govern. And the fact that we're having this discussion and that the issue is complicated, I think, implicates that rule. If there's any doubt as to whether or not it's a holiday, any reasonable doubt, we should consider it a holiday. We should consider the court's office closed and allow a filing on the next day. The issue about whether or not state courts are closed, I think, is an important one. California Code of Civil Procedure 135 says that the day after Thanksgiving is a judicial holiday. Section 134 says that state courts are closed on judicial holidays. So state courts are closed. A particular judge, I assume, has the authority to open his courtroom. But the clerk's office is closed and the administrative offices are closed. And for filing purposes, the court is deemed closed on that day. Also, Section 10 of the California Code of Civil Procedure says, Holidays within the meaning of this code are every Sunday and every other day that — and any other days that are specified or provided for as judicial holidays in Section 135. So — so holidays include judicial holidays explicitly under the code. The — the issue of consistency, the Federal rules — Federal rule — Bankruptcy Rule 9006A, it makes the Federal courts within a state consistent with the state courts within that state. There may be inconsistencies between states. There certainly are in — between different state courts. But what the rule says is the Federal courts will track the state courts. If — I think the issue has been pretty well briefed, and I'm not going to dwell on it unless the court — the court has any questions. I'd like to briefly talk about the inaccessibility argument. And then if the court has questions, answer them. And if not, I'll — I'll be happy to — to submit. The question is whether the court was closed that day. The notice of the clerk's office said that it was closed except for emergency filings, emergency motions only. I'm sorry. Emergency matters is the literal language used. The question is, what is an emergency matter? It's not defined anywhere. But the local rules — It's not an emergency until we hold that it counts as a filing date. Correct. That's an emergency. That would turn it into an emergency. The — the — the Central District of California Local Bankruptcy Rule 9075-1A defines emergency motions. And it says emergency motions are those rare matters requiring an order on less than 48 hours' notice. So a motion is what you need to get an order. An emergency motion is what you need to get an order quickly. By that sort of reasoning, by modifying matter with emergency, the purpose of a matter is to get something or another, whatever the purpose of the matter is. And an emergency matter is one in which you would need to get whatever you're seeking quickly, within 48 hours. And it should be rare. Well, here, this was the filing of adversarial complaint. The object of an adversarial complaint is not to get anything quickly. It's to start a somewhat lengthy process. I mean, not too lengthy, but certainly not within 48 hours. It contemplates discovery, motion practice, and ultimately a trial. That's not going to be wrapped up quickly. That's the beginning, not of a longer process, not an emergency process. And it's not rare. Last day filings, as I know, are common. Why file sooner? No other filings the day after. Sometimes. Been here, done that. I think that's what we're all going to have to say. Yes. Pragmatically, it would be disruptive. In the Hart case, the recent case that Judge Posner in the Seventh Circuit wrote, dealing with a very similar issue, he talked about that it's just impractical to get people fired up and giving their best on these sorts of intermediate holidays, the day after Thanksgiving, the day before or after July 4th, if it's a Monday or a Friday, Christmas Eve day, New Year's Eve day. And so courts make the reasonable, practical decision to just close the office. And they'll say, well, extend the celebratory period of the holiday. We're not going to get 100 percent from our employees anyways. A lot of them are going to be taking time off. Let's recognize that and close it and extend the celebratory aspect of the holidays. If that day is deemed a, if those sorts of days are deemed, the clerk's office is open and these are deemed emergency matters, last day filing, that would completely vitiate the rule. There will always be some last minute filings. And the clerk's office is going to be, I'm surprised they haven't written an amicus brief in favor of this position. They would be overwhelmed. They don't actually care about your client, whether they file or not. They'd probably be just as happy to have fewer filings. So I'm not sure they'd be on your side. Well, what they would do is get emergency calls saying, I have a last day filing. Please come in and I've got to get this filed today. And if they're open for emergency matters only, and this is deemed an emergency matter, every holiday like this will contain some emergency matters. For all practical purposes, they will be open that day. If the Court has any questions, I'll be happy to answer them. But if not, I'll submit. I think we understand your position. Thank you, Your Honor. You do have some rebuttal time remaining, however. As to the accessibility argument, the BAP never actually issued a decision with that regard and never actually found that the bankruptcy court's underlying factual evaluation was clearly erroneous. So at this point, it's kind of difficult to go through that argument since I don't think that issue has ever actually been resolved. As to the argument that we should all just deem it a holiday, again, that comes kind of back to the don't ask, don't tell holiday, that everybody deems it a holiday, but nobody wants to actually find out why it should be considered that. I think I've detailed in the briefing why it's not and the circumstances that present it. I'll deem it submitted. Thank you. Thank you very much. We appreciate the arguments of both parties. They were well-focused and well-presented. The case just argued is submitted and we are finished with the morning docket.
judges: Graber, W. Fletcher, Fogel